IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00459-MEH

MARK M. COLLINS,

    Plaintiff,

v.

UNITED FIRE & CASUALTY COMPANY,

    Defendant.

---

**ORDER ON MOTION TO AMEND COMPLAINT**

---

Before the Court is Plaintiff's Motion to Modify Scheduling Order and for Leave to Amend Complaint [filed October 17, 2014; docket #26]. The matter is fully briefed, and the Court finds that oral argument would not materially assist the Court in adjudicating the motion. For the following reasons, the motion is **granted**.

**I.**     **Background**

Plaintiff initiated this action on February 21, 2014 raising claims arising from an alleged unlawful termination. (Docket #1.) Defendant hired Plaintiff in March 2007 for the position of loss control representative in the Denver Regional Office. (*Id*. at ¶ 4-5.) On September 9, 2009, Plaintiff alleges his son was involved in a motorcycle accident, rendering him an individual with a disability within the meaning of the Americans with Disabilities Act (ADA). (*Id*. at ¶ 17-18.) Defendant terminated Plaintiff's employment on April 6, 2011. (*Id*. at ¶ 4.) Plaintiff brings the following claims: (1) discrimination under the ADA; (2) retaliation under the ADA; (3) age discrimination;

and (4) discrimination under the Employee Retirement Income Security Act.  Plaintiff's Proposed Amended Complaint seeks to add a fifth claim for breach of implied contract.

**II.     Analysis**

Rule 15 of the Federal Rules of Civil Procedure provides that, following a 21-day period for service of the complaint or service of a responsive pleading or Rule 12 motion, a party may amend its complaint only by leave of the court or by written consent of the adverse party.  Fed. R. Civ. P. 15(a).  Rule 15 instructs courts to "freely give leave when justice so requires." *Id.*  Nevertheless, denying leave to amend is proper if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

In the Tenth Circuit, untimeliness alone may be a sufficient basis for denying a party leave to amend.  *See Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005); *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001).  The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue.  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).  Delay is undue "when the party filing the motion has no adequate explanation for the delay," *Frank*, 3 F.3d at 1365-66, or when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (quoting *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984)).

Here, the Scheduling Order requires the filing of any amendments to the pleading on or

before July 8, 2014. (Docket #11, ¶9(a).) On August 14, 2014, Defendant served Plaintiff with its Second Supplemental Disclosures, which included its employee handbook. (*See* docket #38-2.) Plaintiff's proposed new claim is based on provisions contained in the employee handbook and statements made by Defendant's employees at depositions in August 2014. Defendant contends Plaintiff's proposed claim alleges Plaintiff was fully aware of the handbook language, discipline and termination procedures while he was employed by Defendant, and that undue delay is the only explanation for Plaintiff waiting until October 17, 2014 to add a new claim. Plaintiff counters that it was not until the deposition of Defendant's Human Resources director in August 2014 that Plaintiff learned for the first time the Defendant expected the progressive discipline policy set forth in the employee handbook to be followed in "all but the most egregious of circumstances." (Docket #38, p. 2.) Plaintiff argues that he knew of the viability of a breach of implied contract claim based on the information obtained at the depositions of Defendant's employees in August 2014.

The Court finds Plaintiff has provided an adequate explanation for any delay in seeking the proposed breach of implied contract claim. This is Plaintiff's first amended complaint, and it is based on the same factual allegations underlying the original claims. The Court perceives no bad faith on the part of the Plaintiff in seeking to add this claim. However, the Court reminds Plaintiff of the Tenth Circuit's admonition against allowing pleadings to become "moving targets." *See Minter*, 451 F.3d at 1206 ( "[c]ourts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target.'") (quoting *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 800 (10th Cir. 1998)). The Court will be mindful of such admonition when reviewing any further amendments.

Moreover, the Court finds that Plaintiff's Proposed Amended Complaint is not unduly prejudicial. Courts typically find prejudice only when the amendment unfairly affects the defendants "in terms of preparing their defense to the amendment." *Minter*, 451 F.3d at 1207 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). The Court recently extended the discovery period (for the first time) by thirty days, and the cutoff is not until February 11, 2015. (*See* docket #40.) To the extent Defendant demonstrates it requires additional time and/or methods of discovery for the new claim, the Court will ensure that the Defendant is granted any such discovery that complies with applicable rules.

Defendant also argues that Plaintiff's proposed breach of implied contract claim is futile because it does not state a *prima facie* case. "To enforce termination procedures in an employee handbook, the employee must demonstrate that the employer manifested his willingness to enter into a bargain, and that the employee's initial or continued employment constituted acceptance of and consideration of the procedures." *Trujillo v. Atmos Energy Corp.*, 896 F.Supp. 2d 949, 955 (D. Colo. 2012) (citing *Continental Air Lines, Inc. V. Keenan*, 731 P.2d 708, 711 (Colo. 1987)). The Tenth Circuit explains Colorado's implied contract theory as follows:

> An offer in the form of an employment manual must be communicated to the employee to be effective, and an employer's limited distribution of its employment manual or policy indicates the employer did not intend the manual to operate as a contractual offer to the employee. *See Kuta v. Joint Dist. No. 50(J)*, 799 P.2d 379, 382 (Colo. 1990) (employer's limited distribution of RIF policy "undercuts the assertion that it manifested a willingness to enter into a bargain"). An offer must also contain terms "sufficiently definite to enable the court to determine whether the contract has been performed." *Stice v. Peterson*, 144 Colo. 219, 223, 355 P.2d 948, 952 (1960). Finally, while the existence of an implied contract is

> normally a factual inquiry for the jury, *see Tuttle v. ANR Freight Sys., Inc.*, 797 P.2d 825, 828 (Colo. App.1990), the issue may be decided as a matter of law if the alleged promises are nothing more than "vague assurances." *See Dupree v. United Parcel Service*, 956 F.2d 219, 222 (10th Cir. 1992).

*Vasey v. Martin Marietta Corp.*, 29 F.3d 1460, 1464 (10th Cir. 1994).

Defendant argues that the Court should find as a matter of law that there is no implied contract mandating Defendant engage in a discipline procedure. Contrary to Defendant's position, Plaintiff has sufficiently alleged the elements of a breach of implied contract as follows: (1) Defendant had an employee handbook at all relevant times; (2) Defendant set forth policies regarding the discipline and discharge of Defendant's employees, including Plaintiff; (3) Defendant demonstrated to such employees a willingness to be bound by the discipline and discharge policies and procedures; (4) Defendant's actions manifested to a reasonable person an intent to be bound by discipline and discharge policies and procedures; (5) Plaintiff reasonably understood he was being offered the handbook as part of the terms and conditions of his employments, and with that understanding, continued his employment with Defendant; and (6) Defendant discharged Plaintiff without complying with the discipline and discharge policies and procedures set forth in its employee handbook. (Docket #26-1.)

To the extent Defendant asserts Plaintiff should have attached the employee handbook to the present motion, such evidence is not required for purposes of a motion for leave to amend a complaint and is more properly considered and adjudicated in a Rule 56 motion, rather than indirectly through opposition of a Rule 15(a) motion. In any event, Plaintiff did attach exhibits of deposition transcripts supporting his allegations of an implied breach of contract. (*See* Exhibits 26-

2, 38-1.)

Rule 15(a) requires that courts "freely give leave when justice so requires." The Supreme Court has stated, "[i]f the underlying facts or circumstances relied upon by a [claimant] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim in the merits." *Foman*, 371 U.S. at 182. The Court finds Plaintiff has provided an adequate explanation for the delay in seeking the amendment and is not seeking the amendment in bad faith; the Defendant will not be unduly prejudiced by the proposed Amended Complaint, and the new claim is not futile at this stage in the proceeding.

### III.  Conclusion

Accordingly, Plaintiff's Motion to Modify Scheduling Order and for Leave to Amend Complaint [filed October 17, 2014; docket #26] is **granted**. The Clerk of the Court is directed to file the Amended Complaint located at docket #46-1. Defendant shall respond to the Amended Complaint in accordance with Fed. R. Civ. P. 15 and all applicable local and federal rules.

Dated at Denver, Colorado, this 19th day of December, 2014.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge